*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JULIA KINSEY, MICHELLE BENTLEY, DANEISHA BUCKHANNON, BRENDA HERRON, MARSHLINE VEAL, JESSICA WEBB, JUVANA WILLIAMS, and BLANCHE WILSON,

UNPUBLISHED
July 14, 2025
11:07 AM

Plaintiffs-Appellants,

and

SHAMIKA DRUITT, KRISTINA JORDAN, APRIL ROSS, and TANIA STUDEVENT,

Plaintiffs,

v

No. 366479
Wayne Circuit Court
LC No. 21-015658-NO

COUNTY OF WAYNE,

Defendant-Appellee,

and

ESTATE OF DARIK JOHNSON,

Defendant.

Before: MARIANI, P.J., and MURRAY and TREBILCOCK, JJ.

PER CURIAM.

Plaintiffs[1] Julia Kinsey, Michelle Bentley, Daneisha Buckhannon, Brenda Herron, Marshline Veal, Jessica Webb, Juvana Williams, and Blanche Wilson appeal as of right from the

---

[1] Plaintiffs Shamika Druitt, Kristina Jordan, April Ross, and Tania Studevent are not parties to this appeal.

-1-

trial court's order granting defendant Wayne County's motion for summary disposition[2]. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an elevator incident involving female inmates at the Wayne County Jail. On August 4, 2019, Corporal Darik Johnson[3] used one elevator to transport 28 inmates, including plaintiffs, from recreation time on the roof to their assigned ward on the eighth floor, despite the weight and occupancy limits posted at the elevator, and the Wayne County Jail Policy of not exceeding an eight-to-one inmate-to-officer ratio while transporting inmates on the elevator. The elevator plummeted to the basement level, allegedly resulting in injuries to plaintiffs and Johnson.

Plaintiffs initiated this action on November 11, 2021, claiming in Count I under 42 USC 1983 that Johnson acted with deliberate indifference in violation of their Fourth, Eighth, and Fourteenth Amendment rights by: failing to transport them or request additional guard assistance as required by Wayne County Jail Recreation Policy 11.3; failing to take appropriate action not to endanger plaintiffs in violation of Policy 5.75; and overloading the elevator in violation of Policy 5.110. And in Count II, titled "FAILURE TO TRAIN, INADEQUATE POLICIES AND/OR PROCEDURES, CUSTOMS AND PRACTICES AND FAILURE TO SUPERVISE/DELIBERATE INDIFFERENCE (*Monell* Claim)[4] – County of Wayne," plaintiffs claim Wayne County violated their Fourth and Fourteenth Amendment rights by maintaining a custom, policy, or practice of overloading jail elevators, and failing to provide training and supervision regarding the prevention of overloading elevators amounting to deliberate indifference.

Plaintiffs later moved for leave to file a first amended complaint "to add a claim of public building defect and a claim of the motor vehicle exception to governmental immunity against Defendant Wayne County," which the court granted. In their first amended complaint, plaintiffs

---

[2] Plaintiffs challenge the court's ruling on Wayne County's motion for summary disposition, but the order appealed from is the subsequent stipulated order for dismissal of defendant, the Estate of Darik Johnson, with prejudice. Plaintiffs originally appealed the summary disposition order, but that appeal was dismissed for lack of jurisdiction as it was not "a final order as defined in MCR 7.202(6)(a)(i) because it d[id] not dispose of [the] claim against defendant, Estate of Darik Johnson." *Kinsey v Wayne Co*, unpublished order of the Court of Appeals, entered March 29, 2023 (Docket No. 365164). A question of jurisdiction also arose in the present appeal, but has been resolved.

[3] Johnson has since passed away.

[4] The parties refer to Count II as a "*Monell* claim," but Count II is actually a claim brought under 42 USC 1983 that Wayne County violated plaintiffs' constitutional rights. As discussed later, *Monell v Dep't of Soc Serv*s, 436 US 658; 98 S Ct 2018; 56 L Ed 2d 611 (1978), merely provides the framework for establishing municipal liability under the statute.

added these two claims, as well as a third claim alleging that Johnson used excessive force in violation of Const 1963, art 1, § 11.[5]

Wayne County moved for summary disposition of plaintiffs' first amended complaint under MCR 2.116(C)(7) and (8), arguing that: (1) plaintiffs failed to raise a genuine issue of material fact as to their claims against the county under *Monell v Dep't of Soc Serv*s, 436 US 658; 98 S Ct 2018; 56 L Ed 2d 611 (1978); (2) plaintiffs' claims should be dismissed under governmental immunity because the public building defect and motor vehicle exceptions do not apply; (3) res judicata and collateral estoppel bar plaintiffs Buckhannon and Herron's claims; and (4) plaintiffs' state constitutional claim is barred.

Plaintiffs opposed Wayne County's motion. Focusing on their *Monell* claim, as plaintiffs do on appeal, they argued that they sufficiently alleged a 42 USC 1983 claim against Wayne County. Specifically, plaintiffs asserted that they "sufficiently pled that Defendant Wayne County maintained a series of policies, customs, and practices that constituted a moving force in the constitutional violations Plaintiffs suffered." Further, plaintiffs argued, Wayne County failed to properly train or supervise its employees.

In its reply brief, Wayne County argued that because Johnson did not commit a constitutional violation, no liability remained against it as the municipality. Ultimately, the trial court granted Wayne County's motion. With regard to plaintiffs' *Monell* claim against Wayne County, the trial court considered the evidence attached to the parties' briefs, and therefore analyzed the claim under MCR 2.116(C)(10). In doing so, the court found no deliberate indifference on Johnson's part, and further stated:

> Could a reasonable jury come out and say that based on what we have on the table here that the County had some notice of this 'cause, as indicated, their policies were certainly sufficient. Training was certainly sufficient. Did they have notice of it because somebody from 25 years ago says it happened back then or there was another incident?
>
> The Court in looking at the cases under *Monell* just doesn't see that. The *Monell* burden is high, as indicated, it's not something that's taken lightly, the Court just doesn't see how a *Monell* violation would be established under these facts.
>
> So the Court's gonna grant summary disposition of that claim pursuant to 2.116(C)(10).

That ruling was codified in an order entered on February 9, 2023, dismissing Counts II-V of plaintiffs' first amended complaint.

---

[5] Wayne County moved to strike plaintiffs' first amended complaint because the proposed amended complaint attached to plaintiffs' motion for leave to amend did not contain this final claim. But the trial court denied the motion to strike and allowed the third additional claim under liberal amendment standards.

The Estate of Darik Johnson filed a separate motion for summary disposition, which the court never ruled on, ultimately entering a stipulated order to dismiss the Estate.

## II. ANALYSIS

Plaintiffs challenge the court's decision to grant summary disposition of Count II, which was based on the court concluding that plaintiffs did not establish a custom or practice sufficient to impose liability against the county.

Wayne County brought its motion for summary disposition under MCR 2.116(C)(7) and (8), but the trial court analyzed the motion under MCR 2.116(C)(10). We review de novo a motion for summary disposition. *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018).

> A motion for summary disposition brought pursuant to MCR 2.116(C)(10) tests the factual support for a claim. Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A motion pursuant to MCR 2.116(C)(10) is reviewed by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Id*. (quotation marks and citations omitted).]

The trial court did not err when it granted summary disposition of Count II of the first amended complaint, as there was no genuine issue of material fact that Wayne County did not maintain a custom, policy, or practice of overloading jail elevators, nor did it fail to provide training and supervision for the prevention of overloading elevators.

Under 42 USC 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

It is undisputed

> that a local municipality constitutes a "person" to which 42 USC 1983 applies. *Monell v Dep't of Soc Servs of the City of New York*, 436 US 658, 690-691; 98 S Ct 2018; 56 L Ed 2d 611 (1978). Establishing municipal liability under 42 USC 1983 requires proof that: (1) a plaintiff's federal constitutional or statutory rights were violated and (2) the violation was caused by a policy or custom of the municipality. [*Johnson v Vanderkooi*, 502 Mich 751, 762; 918 NW2d 785 (2018).]

-4-

Plaintiffs argue first on appeal that Johnson acted with deliberate indifference in violation of their Fourth, Eighth,[6] and Fourteenth Amendment rights by overloading the elevator in violation of posted warnings, which was a regular occurrence in the jail.[7] Even assuming, without deciding, that Johnson violated plaintiffs' constitutional rights, plaintiffs failed to establish a genuine issue of material fact that the violation was caused by a policy or custom of the municipality. *Johnson*, 502 Mich at 762, citing *Collins v Harker Hts, Texas*, 503 US 115, 121-122; 112 S Ct 1061; 117 L Ed 2d 261 (1992) (holding that whether a legal violation occurred and whether a municipality might be liable for that violation are separate legal inquiries).

A municipality may be held liable under four theories:

(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. [*Morgan by Next Friend Morgan v Wayne Co*, 33 F4th 320, 328 (CA 6, 2022) (quotation marks and citation omitted).]

Wayne County's official policy for the transport of inmates to and from recreation is found in Recreation Policy 11.3 ¶ j, which requires an eight-to-one inmate-to-officer ratio while transporting inmates on the elevator. Because Johnson violated that policy, plaintiffs seek to establish Wayne County's liability under the third and fourth theories – the existence of a policy of inadequate training or supervision and the existence of a custom of federal rights violations.

Municipal liability for a constitutional violation may "be based on a governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels, if the relevant practice is so widespread as to have the force of law." *Johnson*, 502 Mich at 762 (quotation marks and citations omitted). In other words, "[a] permanent and well settled practice of governmental officials or employees may constitute a custom or usage with the force of law." *Id*. at 764 (quotation marks and citations omitted). "Thus, accepted, though unwritten, practices of executing governmental policy may give rise to liability for the purposes of *Monell*." *Id*. "Accordingly, to survive summary disposition, a plaintiff must first identify and connect a policy or custom to the municipality, and then point to facts in the record demonstrating that implementation or execution of that policy or custom caused the alleged constitutional violation." *Id*. at 763.

To establish a custom of inaction, as plaintiffs assert, they must demonstrate:

---

[6] As Wayne County points out, plaintiffs did not raise an Eighth Amendment claim against it, instead asserting only Fourth and Fourteenth Amendment violations.

[7] Because plaintiffs' brief on appeal only asserts error with regard to the court's ruling on their inability to establish a custom or policy under *Monell*, and the court entered a stipulated order to dismiss the Estate of Darik Johnson, we assume plaintiffs raise this argument in the context of establishing liability under *Monell*.

-5-

(1) a clear and persistent pattern of unconstitutional conduct by municipal employees; (2) the municipality's notice or constructive notice of the unconstitutional conduct; (3) the municipality's tacit approval of the unconstitutional conduct, such that [its] deliberate indifference in [its] failure to act can be said to amount to an official policy of inaction; and (4) that the policy of inaction was the moving force of the constitutional deprivation, such that the plaintiff's constitutional injury was directly caused by the conduct of the municipality rather than simply by the conduct of the municipal employee. [*D'Ambrosio v Marino*, 747 F3d 378, 387-388 (CA 6, 2014) (quotation marks and citation omitted; alterations in original).]

Plaintiffs failed to do so. In support of their assertion that Wayne County maintained a series of customs and practices of overloading elevators when transferring inmates, plaintiffs cite the deposition testimony of David LaMontaine, who works for the Police Officers Association of Michigan and previously worked for the Wayne County Sheriff's Department in the Wayne County Jail from 1995 to 1997. LaMontaine testified that when transporting inmates during his time at the Wayne County Jail, the elevators would be overloaded every day, as part of a custom and practice that supervisors were aware of.

But, as Wayne County asserts, and the trial court reasoned, LaMontaine had not worked in the Wayne County Jail for over 20 years prior to the subject incident in August 2019. Moreover, the relevant version of Recreation Policy 11.3 was not put into place until 2012, 14 years after LaMontaine's employment at the Wayne County Jail. And in his position with the Police Officers Association, he visits the Jail only approximately once a year for membership roll call.[8] We cannot see how this testimony establishes a genuine issue of material fact that the Wayne County Jail maintained a custom or practice of overloading elevators that was clear and persistent, or of which the municipality had notice and tacitly approved, *D'Ambrosio*, 747 F3d at 387-388, at the time of the subject incident.

Plaintiffs' citation to plaintiff Bentley's deposition testimony is also insufficient to establish a genuine issue of material fact. Specifically, plaintiffs cite to Bentley's testimony that prior to August 14, 2019, she had been to the recreation area on the roof one time, and the elevator had been overloaded on that occasion by Johnson, as well. It can hardly be said that testimony regarding two instances of overloading an elevator by the same individual establishes a genuine issue of material fact of "a clear and persistent pattern of unconstitutional conduct by municipal employees." *Id*. See, e.g., *Wilson v Cook Co*, 742 F3d 775, 780 (CA 7, 2014) ("Although this court has not adopted any bright-line rules for establishing what constitutes a widespread custom

---

[8] In addition, Wayne County challenged LaMontaine's testimony regarding his knowledge of current practices at the Jail through his work with the Police Officers Association as inadmissible because it was based on speculation and hearsay. Plaintiffs, however, failed to meaningfully respond to that challenge. See MCR 2.116(G)(6) ("Affidavits, depositions, admissions, and documentary evidence offered in support of or in opposition to a motion based on subrule (C)(1)-(7) or (10) shall only be considered to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion.").

or practice, it is clear that a single incident—or even three incidents—do not suffice."); *Andrews v Fowler*, 98 F3d 1069, 1076 (CA 8, 1996) (holding that two instances of misconduct "do not indicate a 'persistent and widespread' pattern of misconduct that amounts to a city custom or policy of overlooking police misconduct") (citation omitted); *Eugene v Alief Indep Sch Dist*, 65 F3d 1299, 1304 (CA 5, 1995) (holding that two incidents of alleged excessive force are insufficient to show policy or custom).

We reach the same conclusion with regard to plaintiffs' allegation of improper training or supervision.

> One way to prove an unlawful policy or custom is to show a policy of inadequate training or supervision. To succeed on a failure to train or supervise claim, the plaintiff must prove the following: (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury. In other words, the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police came into contact. [*Ouza v City of Dearborn Hts*, 969 F3d 265, 286-287 (CA 6, 2020) (quotation marks and citations omitted).]

Like with plaintiffs' allegation of the existence of a custom of tolerance or acquiescence of federal rights violations, the testimony of LaMontaine and Bentley fails to establish a genuine issue of material fact regarding improper supervision or training. Again, although LaMontaine testified that elevators would be overloaded every day in the Wayne County Jail as part of a custom and practice that supervisors were aware of, he had not worked as a deputy in the Wayne County Jail for over 20 years prior to the subject incident in August 2019. And the portion of Bentley's testimony plaintiffs cite to regarding one prior instance of overloading she experienced, has not convinced us that a genuine issue of material fact exists as to whether Wayne County had a policy for improper training or supervision with regard to overloading elevators. Accordingly, the trial court did not err when it granted summary disposition of Count II of plaintiffs' amended complaint.

Affirmed.

/s/ Philip P. Mariani
/s/ Christopher M. Murray
/s/ Christopher M. Trebilcock

-7-